## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

GORDON VAUGHAN,     *
                            *
     Plaintiff,        *
                            *
vs.                               * CIVIL ACTION NO. 14-00125-CG-B
                            *
POSTAL EMPLOYEES, *acting in*   *
*concert w/FBI*,          *
                            *
     Defendant.        *

### REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1),[1] is before the Court for review. Upon careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

I. Background Facts and Proceedings

Plaintiff, Gordon Vaughan, who is proceeding *pro se*, filed a complaint and a motion to proceed without prepayment of fees on March

---

[1] Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters, such as Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2), to the Magistrate Judges for hearing and determination. By filing this motion, Plaintiff subjects his complaint to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), which mandates the dismissal of a complaint if the Court determines a complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or sues for money damages a person who is immune. See Anderson v. Davis, 2010 U.S. Dist. LEXIS 71148, *1, 2010 WL 2813802, *1 (S.D. Ala. 2010) (unpublished); Poole v. Wal-Mart, 2007 WL 2460755, *1 n.1 (S.D. Ala. 2007) (unpublished).

17, 2014. (Docs. 1, 2). In an Order dated March 25, 2014, the undersigned observed that Plaintiff's complaint was deficient because, as written, it provided no basis for relief. The Court noted that Plaintiff's complaint named as defendants "Postal Employees All acting in concert and/or participation Federal Bureau of Investigation" and that from his complaint, it appeared that Plaintiff was dissatisfied that his mail had either been stolen "and/or" returned to the sender. According to Plaintiff, on March 1, 2014, his mail was properly addressed to him and was returned to the U.S. Court in Mobile, Alabama. (Id.). Plaintiff asserted a legal claim for "conspiracy to kill, and threats, mail thiefts (sic) by postal employees filed under color of state law, rules regulations, also failure to properly train subordinates." (Doc. 1 at 3-4).

The Court observed that Plaintiff's complaint, as written, provided no basis for relief as it wholly failed to provide either the Court or Defendants with fair notice of the grounds upon which Plaintiff's claims were based. In addition, the Court observed that Plaintiff's complaint was deficient because it lacked factual allegations providing a basis for invoking federal jurisdiction. (Id. at 4-5). As such, it was due to be dismissed. The Court directed Plaintiff to file, by April 25, 2014, an amended complaint providing facts regarding his claims and the grounds upon which the amended complaint was based. (Doc. 3 at 5). Plaintiff was instructed that

2

his amended complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," as required by Fed. R. Civ. P. 8(a)(1), and he was cautioned that failure to comply with the Court's directives to correct the deficiencies noted would result in dismissal without prejudice for failure to prosecute and to obey the Court's order. (Id.).

On April 25, 2014, Plaintiff filed an amended complaint. (Doc. 5). The Court has reviewed Plaintiff's amended complaint and observes that it is merely a lengthier version of the original complaint. Like his original complaint, Plaintiff's amended complaint contains rambling and disconnected references to multiple events including, *inter alia*, Plaintiff's efforts to change his address on file with the post office, his efforts to obtain a permanent address, his disagreements with his landlord and a co-tenant, his eviction from his permanent address, his mental health issues and treatment, court orders issued in another lawsuit, interference with his mail by black FBI agents, his work history, theft of his income tax refund by an individual named Carolyn Sheffield, efforts by the social security administration to block his social security benefits, mistreatment by a security guard at the social security office, and assault by thirty black individuals outside of the social security office.[2] (Doc. 5).

---

[2] On May 15, 2014, Plaintiff filed another hand written document with the Court. (Doc. 6). The Court construes the latter document as a
(Continued)

Because Plaintiff was afforded ample opportunity to correct the pleading deficiencies in his original complaint but failed to do so, his amended complaint is due to be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

II. Discussion

Because Plaintiff is seeking to proceed *in forma pauperis*, the Court is reviewing his amended complaint (Docs. 5, 6) under 28 U.S.C. § 1915(e)(2)(B). For proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (involving Fed. R. Civ. P. 12(b)(6) dismissal). A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

---

supplement to Plaintiff's amended complaint and finds that it adds nothing of substance to the amended pleading.

4

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a less stringent standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Ashcroft v. Iqbal, 556 U.S. 662 (2009).[3] Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

As noted *supra*, Plaintiff was advised that his original complaint was deficient because it contained no information or facts regarding the basis for his claims; thus, it did not comply with Rule 8(a) of the Federal Rules of Civil Procedure. (Doc. 3). In addition, Plaintiff was advised that there were no factual allegations providing any basis for invoking federal jurisdiction. Id.

Plaintiff was given an opportunity to correct these deficiencies and was specifically instructed to provide additional facts in his amended complaint regarding the basis for his claims and for the Court's jurisdiction. Notwithstanding the Court's instructions,

---

[3] See Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard).

Plaintiff merely reasserted the rambling allegations set forth in his original complaint, which the Court had expressly warned him was insufficient to state a claim for relief. Plaintiff's amended complaint, like his original complaint, does not contain "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (citations omitted). Accordingly, Plaintiff's amended complaint fails to meet the low pleading standard required by Rule 8(a) of the Federal Rules of Civil Procedure and is due to be dismissed for failure to state a claim upon which relief can be granted. Because Plaintiff has been afforded an opportunity to correct his pleading deficiency but has failed to do so, the undersigned recommends that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

III. Conclusion

For the reasons set forth herein, the undersigned recommends that this action be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. If Plaintiff elects to file an objection to this Report and Recommendation, he

should draft and file an objection that sets forth his challenges to the factual findings and/or legal conclusions of the undersigned.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2011) (emphasis omitted). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **25th** day of **June, 2014.**

                                          **/s/ SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**